The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRINITY GLASS INTERNATIONAL, INC., a Washington corporation<br><br>      Plaintiff,<br><br>    v.<br><br>BURNS, MORRIS & STEWART LIMITED PARTNERSHIP, a Texas limited partnership,<br><br>      Defendant. | NO. 04-5330 RJB<br><br>**Defendant's Motion and Memorandum in Support of Defendant's Cross Motion For Summary Judgment of Infringement**<br><br>ORAL HEARING REQUESTED<br><br>NOTED FOR SEPTEMBER 16, 2005 |

  Now comes Defendant herein and Moves this Court for Summary Judgment of Infringement of Claim 2 of the '209 Patent. For Cause, Defendant states that there are no issues of material facts relating to infringement and that Defendant is entitled to Judgment as a Matter of Law.

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - i

**TABLE OF CONTENTS**

I.   STATEMENT OF FACTS ........................................................................................1

II.  ARGUMENT ..........................................................................................................5

    A.   Summary Judgment Standard ..........................................................................5

    B.   Legal Standard for Infringement......................................................................5

    C.   Claim Construction ..........................................................................................6

    D.   Trinity's Door System Literally Infringes Claim 2 of the '209 Patent ..........7

        1.   The Side Jambs of Trinity's Door System Have Upper and Lower Portions .........................................................8

        2.   The Sill Key is Integrally Formed with the Upper Portion................9

    E.   Trinity Infringes Claim 2 of the '209 Patent Under the Doctrine of Equivalents .......................................................11

        1.   The Sill Key is an Equivalent to the Lower Portion of Claim 1 of the '209 Patent ..................................................11

        2.   The Connection Between the Sill Key and the Wooden Upper Portion is Equivalent to the Connection Between the Upper and Lower Portions which Integrally Forms the Side Jamb of Claim 1 of the '209 Patent ...........................................12

III. CONCLUSION.......................................................................................................14

**LIST OF EXHIBITS**

1. Declaration of Richard C. Hagel

2. Definitions of "integrity"

3. Deposition transcript of Peter Sibbett under Rule 30(b)(6)

**TABLE OF AUTHORITIES**

1.   Federal Rule of Civil Procedure 56 (c) ........................................................................5

2.   Dana Corp. v. Am. Precision Co., Inc., 827 F.2d 755 (Fed. Cir. 1987) ....................5

3.   Mars, Inc. v. H.J. Heinz Co., 377 F.3d 1369 (Fed. Cir. 2004)..................................5

4.   C.R. Bard, Inc. v. U.S. Surgical Corp., 388 F.3d 858 (Fed. Cir. 2004).....................5,6

5.   Cybor V. FAS Techs., Inc., 138 F.3d 1448 (Fed. Cir. 1998)....................................6

6.   Bai v. L & L Wings, Inc., 160 F.3d 1350 (Fed. Cir. 1998) ......................................6

7.   Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336 (Fed. Cir. 2002)...............6

8.   Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.,
     320 F.3d 1339 (Fed. Cir. 2003)..................................................................................6

9.   Ghaly v. Hasbro, Inc., 2004 U.S. App. LEXIS 20518 (Fed. Cir. 2004) ....................6

10.  Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722 (2002)........6

11.  Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17 (1997) ...................11

12.  Upjohn C. v. MOVA Pharm. Corp., 225 F.3d 1306 (Fed. Cir. 2000) .......................11

13.  Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 338 U.S.605 (1950) ...................11

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - iv

I. **STATEMENT OF FACTS**

1. BMS is the owner of all right, title and interest in US Pat. No. 5,873,209, entitled: "Frame with Integral Environment Resistant Members".

2. Because Claim 2 is dependent on Claim 1, the infringement analysis requires consideration of both Claims 1 and 2 of the '209 patent. They read as follows:

   > 1. A frame, comprising:
   >    a top jamb;
   >    two side jambs having upper and lower portions that are
   >    integrally formed, said upper portion being made of wood,
   >    said lower portion being a durable moisture, decay, and
   >    insect resistant material made from a second material.
   >
   > 2. The frame of claim 1, wherein said second material is plastic.

3. Trinity Glass' pre-assembled fiberglass exterior door system infringes Claim 2 of the '209 patent.

4. More specifically, Trinity Glass makes and sells a door frame having a top jamb. (Hagel Declaration at 68).

5. Trinity Glass makes and sells a door frame having two side jambs that are attached and pre-assembled to the top jamb. (Hagel Declaration at 69).

6. Trinity Glass makes and sells door jambs which have lower plastic portions and upper wooden portions. (Hagel Declaration at 72).

7. The lower portion of the jamb made and sold by Trinity Glass is known as the sill key. (*See* Trinity's Statement of Facts).

8. The sill key is made of plastic. (Undisputed) (Hagel Declaration at 71).

9. The sill key used by Trinity Glass in their fiberglass exterior door system appears below:

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 1



(Top perspective view)                (Bottom perspective view)

10. As is readily apparent from the installation of the sill key in Trinity Glass' system, the sill key extends above the top surface of the door sill:



11. The sill key connects to the lower end of the wooden portion of the jamb. (*See* figure).[1]

12. The wooden portion of the jamb rests entirely above the sill key. (*See* figure).

13. The sill key is designed to have the same cross section profile as the jamb.

---

[1] The Figure is from Plaintiff's Motion for Summary Judgment.  Defendant altered the reference designations to more properly line up with the terms in the patent in suit.

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 2

1
2
3
4
5
6
7

*Q. (Mr. Speed) Was the purpose of designing the sill key with the shadow profile, that we've drawn as Exhibit 4, so that it would match up roughly – or not roughly but it would match up with the cross-sectional profile of the typical door jamb?*

*A. (Mr. Sibbett) The concept of the door's sill key was to match up with the face of the jamb, bottom face of the jamb.* (Deposition of Peter Sibbett under Rule 30(b)(6), p. 24, ll. 2 – 9.)

14. The sill key is attached to the upper wooden portion of the jamb by use of screws. (Deposition of Peter Sibbett under Rule 30(b)(6), p. 24, ll. 2 – 9).

15. The sill key cannot be removed without tools. (Deposition of Peter Sibbett under Rule 30(b)(6), p. 59, ll. 10 - 16).

16. Trinity's door and frame assembly including the sill key which is attached to the upper wooden portion of the door jamb is subjected to a slam test wherein the test simulates opening a closing a door.

*Q. (Mr. Speed) Did you do any testing of the assemblies using the sill key after you assembled an entry system using a sill key?*

*A. (Mr. Sibbett) We do a slam test in a frame.*

*Q. (Mr. Speed) Can you describe what that test is?*

*A. (Mr. Sibbett) The complete unit is attached to a steel frame, and we use pneumatic cylinders to shut the doors, however many cycles we wanted to slam. And that was to see how securely the joints on the sill, sill key, and jambs were holding.*

*...*

*Q. (Mr. Speed) Okay. And what were the results, if you recall, of the first time you conducted such a slam test utilizing a sill key?*

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 3

*A. (Mr. Sibbett) That the screws and the plastic pieces on both sides held together fine.*

*…*

*Q. (Mr. Speed) Do you know how many cycles you ran through or you typically run through on this slam test?*

*A. (Mr. Sibbett) We run sometimes 30,000; 40,000; 50,000 and sometimes you want to do it as long as you – you know, we might want to do it indefinitely. (*Deposition of Peter Sibbett under Rule 30(b)(6), p. 49, ll. 20 – p. 51, ll. 9).

*Q. (Mr. Speed) Is it your testimony that the screws held between the sill and the sill key, and the wooden portion of the jamb and the sill key, they held during the slam test?*

*A. (Mr. Sibbett) I don't remember anything failing at that point.* (Deposition of Peter Sibbett under Rule 30(b)(6), p. 53, ll. 1 – 6).

17. Trinity's frame assembly has been subjected to other tests including dropping. The tests show no appreciable degradation to the connection of the sill key to the upper wooden portion.

*Q. (Mr. Speed) Have you performed or has Trinity performed any testing of the sill key in terms of determining how much force that would be required to separate the sill key after it's installed from the wooden portion of the jamb?*

*…*

*A. (Mr. Sibbett) I mean, not a formal test.*

*Q. (Mr. Speed) An informal test?*

*A. (Mr. Sibbett) Informal test. We may kind of lightly drop the door to simulate what installers would do on the field if they happened to drop the door, whether it would come apart. Just internal tests.*

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 4

*Q. (Mr. Speed) And what was the result of those informal, internal tests?*

*A. (Mr. Sibbett) We didn't see separations.*

(Deposition of Peter Sibbett under Rule 30(b)(6), p. 54, ll. 15 – p. 55, ll. 8).

18. Trinity offers a warranty for its doors utilizing the sill key. The designer of the sill key who is also a current vice president of Trinity had never heard of any warranty claims based upon jamb rot.

*Q. (Mr. Speed) Okay. Do you know if any consumer has ever filed a warranty claim based upon jamb rot?*

*A. (Mr. Sibbett) Not that I know of.*

(Deposition of Peter Sibbett under Rule 30(b)(6), p. 78, ll. 12 – 18).

## II.   ARGUMENT

### A.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides, in pertinent part, that summary judgment:

> … shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

For those issues on which the non-moving party has the burden of proof at trial, the movant only needs to point out that no evidence exists to support the non-moving party's case. Dana Corp. v. Am. Precision Co., Inc., 827 F.2d 755 (Fed. Cir. 1987).

### B.   LEGAL STANDARD FOR INFRINGEMENT

"Determination of patent infringement requires a two-step analysis: (1) the scope of the claims must be construed; and (2) the allegedly infringing device must be compared to the construed claims." Mars, Inc. v. H.J. Heinz Co., 377 F.3d 1369, 1373 (Fed. Cir. 2004). C.R.

Bard, Inc. v. U.S. Surgical Corp., 388 F.3d 858 (Fed. Cir. 2004). Claim construction is a question of law, Cybor v. FAS Techs., Inc., 138 F.3d 1448, 1451 (Fed. Cir. 1998) (en banc), while infringement, either literal or under the doctrine of equivalents, is a question of fact. Bai v. L & L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998).  If there is no dispute as to those facts, summary judgment is proper.

Literal infringement occurs only if the accused product contains every limitation required by the asserted claims. Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1345 (Fed. Cir. 2002).  Under the doctrine of equivalents, a claim limitation may be satisfied by an element of the accused product if the difference between the two is insubstantial to one of ordinary skill in the art. Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp., 320 F.3d 1339, 1351 (Fed. Cir. 2003).  Parties alleging infringement under the doctrine of equivalents must show that the accused device performs substantially the same function as the patented device in substantially the same way to achieve substantially the same result. Ghaly v. Hasbro, Inc., 2004 U.S. App. LEXIS 20518 (Fed. Cir. 2004). "The doctrine of equivalents allows the patentee to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 733 (2002).

Summary judgment of infringement is appropriate in this case as there are no genuine issues of material fact that would render a conclusion that Trinity Glass is not infringing Claim 2 of the '209 patent literally or under the doctrine of equivalents.

**C.     CLAIM CONSTRUCTION**

The Court construed the term "integrally formed."  All other material terms were agreed upon based upon the definition of terms found by Judge Clark in the case of BMS v. Endura

(Case No. 9:04CV23 E.D. Texas 2005).  The table below replicates the definitions that are to be used in this matter:

| Term | Definition |
| --- | --- |
| Frame | An assembled structure composed of two spaced side jambs connected together at the top by a horizontal top jamb. |
| Top Jamb | The upper horizontal member of a frame that connects between two spaced side jambs. |
| Side Jamb | One of two vertical members of a frame that are spaced apart from one another and are each connected to a top jamb. |
| Upper Portion | That part of the jamb, which is less than the whole, made up of one or more pieces joined together, and which is higher in physical position in the jamb than the lower portion. |
| Lower Portion | The part of the jamb different than the upper portion, which is joined to the lower end of the upper portion. |
| Integrally Formed | Permanently connected together so as to make up a single complete piece or unit, so as to be incapable of being dismantled without destroying the integrity of the piece or unit and/or one or both of the constituent portions. |
| Durable Moisture, Decay and Insect Resistant Material | A material that is able to exist for a long time without significant deterioration, and is more resistant to moisture, decay, and insects than wood. |
| Plastic | Any of various organic compounds produced by polymerization, capable of being molded, extruded, cast into various shapes and films or drawn into filaments used as textile fibers. |

**D.   TRINITY'S DOOR SYSTEM LITERALLY INFRINGES CLAIM 2 OF THE '209 PATENT**

There is no dispute that Trinity makes and sells a door system with a frame having a top jamb and two side jambs having wooden upper portions and lower portions constructed from plastic.  Although Trinity will argue that its door jambs do not have an upper and lower portion and that its upper and lower portions are not integrally formed, these arguments will not prevail in overcoming this Motion for Summary Judgment.

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 7

### 1. The Side Jambs on Trinty's Door System Has Upper and Lower Portions

Trinity's door system contains "two side jambs having upper and lower portions". A side jamb is defined as "[o]ne of two vertical members of a frame that are spaced apart from one another and are each connected to a top jamb." The side jambs in Trinity's door system have both a wooden upper portion and a plastic lower portion. The lower terminal end of the wooden upper portion mates with the plastic lower portion to form a side jamb. That the wooden upper portion and the plastic lower portion are components of a side jamb is supported by their respective cross sections at elevations higher than the top of the sill - they have the same cross section to accommodate the door stop - a standard component of a side jamb. (Facts at 10, 13).

Trinity adopts the disingenuous position of arguing that the plastic lower portion – which they refer to as the sill key - is a separate piece attached to both the side jamb and the sill, but is not part of either of those items. Trinity expects this Court to overlook a simple and apparent fact: the sill key off-sets a correspondingly sized portion of wood in the side jamb, *i.e.* it raises the wooden portion off of the floor.

Although obvious, Trinity refuses to acknowledge this fact. When pressed Trinity's 30(b)(6) representative evasively denied that the sill key off-sets a portion of what would otherwise be wood in their side jamb. Faced with an example, Trinity sheepishly acknowledged that it is a matter of opinion whether the sill key is a portion of the side jamb or a portion of the sill.

*A. (Mr. Sibbett) Its purpose is to keep the water from getting to the jamb.*

*Q. (Mr. Speed) And one of the ways it does that is, it raises the wooden portion higher than the sill and the slab; is that correct?*

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 8

*A. (Mr. Sibbett) I think that – I mean, it's a matter of opinion.  <u>I mean, I could consider that part of the jamb or I could consider that part of</u> – more part of the sill.  I mean, if you want to call it that, but for me it's a completely different system.*

(Deposition of Peter Sibbett under Rule 30(b)(6), p. 81, ll. 21 – p. 82, ll. 12).

Notwithstanding Trinity's contention about the upper and lower portion, there really are no material facts in dispute that the sill key is: "th[at] part of the jamb different than the upper portion, which is joined to the lower end of the upper portion." (*See* definition of lower portion). Accordingly, Defendant is entitled to summary judgment on this issue.

### 2.     The Sill Key is Integrally Formed with the Upper Portion

This Court has construed "integrally formed" to mean:

> **permanently connected together** so as to make up a single complete piece or unit, **so as to be incapable of being dismantled without destroying the integrity of the piece or unit** and/or one or both of the constituent portions

Minute Order (Dkt. No. 75) at 1 (emphasis added).

The sill key (plastic lower portion) and wooden upper portion are "integrally formed" under this definition because they are permanently connected together and when dismantled, the integrity of the piece or unit that the sill key and upper portion constitute (the side jamb) is destroyed.

The sill key and the wooden upper portion are permanently attached to one another using a mortise-and-tenon joint and two screws.  Trinity conducts quality tests on Trinity's door system which illustrate the permanence of the connection between the sill key and the wooden upper portion of the side jamb.  One such test, referred to as the "slam test" involves the installation of the door system into a door opening and the subsequent opening and closing of the door using a pneumatic cylinder.  According to Trinity, the sill-key-wooden-upper-portion

connection held through the slam test thereby establishing the permanence of the joint. Furthermore, the connection held despite dropping the door system when simulating an accident in the field. Thus, the sill-key-wooden-upper-portion connection is permanent.

Additionally, Trinity Glass admits to the degradation in the integrity of the side jamb unit noting that in the absence of the screws, the sill key is easily disconnected from the wooden upper portion of the side jamb by a "gentle downward pressure".

However, with the screws installed, Trinity's door system can withstand the rigor of 50,000 cycles in the "slam test" without fail. Furthermore, with the screws installed, Trinity's door system withstands the simulated dropping accidents without fail. Thus, the removal of the screws degrades the integrity of the unit (the side jamb) that the sill key and wooden upper portion form. Furthermore, complete disassembly of the unit (*i.e.*, removal of the sill key from the wooden upper portion) obviously destroys the integrity of the unit as the separation of the constituent components is the antithesis of "being whole or undivided". (*See* Exhibit 2). Clearly, the integrity of the side jamb is destroyed when the side jamb is dismantled.

Finally, if one wanted to disassemble the sill key from the upper wood portion, one would need tools. If one wanted to disassemble the sill key from the upper wooden portion without tools, one would have to destroy either the upper or lower portion in order to accomplish this task. (A task incidentally Trinity has not attempted.)

Trinity's lower plastic portion is designed and manufactured to be permanently affixed to the upper wooden portion of the door jamb. Therefore, Trinity Glass' fiberglass exterior door system has a lower portion (sill key) integrally formed with the wooden upper portion and that door system infringes Claim 2 of the '209 patent.

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 10

### E. TRINITY INFRINGES CLAIM 2 OF THE '209 PATENT UNDER THE DOCTRINE OF EQUIVALENTS

Even if this Court were to accept Trinity Glass' argument that the sill key is not part of the side jamb and/or that the sill key is not integrally formed with the wooden upper portion, BMS can prove infringement of the '209 patent under the doctrine of equivalents.

To prove infringement by equivalents, BMS must show that Trinity's door system "contain[s] elements identical or equivalent to each claimed element of the patented invention." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40 (1997). Infringement under the doctrine of equivalents turns on whether the differences between the claim limitation and the element of the accused device are merely "insubstantial". One test for insubstantiality of the differences is whether the element in the accused device "performs substantially the same function in substantially the same way to obtain substantially the same result as the claimed element." Upjohn Co. v. MOVA Pharm. Corp., 225 F.3d 1306, 1309 (Fed. Cir. 2000)[*citing* Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 338 U.S. 605, 608 (1950)].

#### 1. The Sill Key is an Equivalent to the Lower Portion of Claim 1 of the '209 Patent

The sill key of Trinity's door system performs substantially the same function in substantially the same way to obtain substantially the same result as the lower portion of Claim 1 (the independent claim upon which Claim 2 depends) of the '209 patent so as to be an equivalent thereof. The lower plastic portion of the jamb of the '209 patent is affixed on its top surface to the lower end surface of a wooden upper portion to the side jamb. A lower portion of Claim 2 of the '209 patent is constructed from plastic, a weather-resistant material, and imparts rot resistance to the side jamb by elevating the lower end of the wooden upper portion of the side

jamb and by covering the lower end of the wooden upper portion of the side jamb with a weather-resistant material so as to prevent its contact with water.

Similar to the lower portion of Claim 2 of the '209 patent, the sill key is plastic and provides rot resistance to the side jamb by elevating the lower end of a wooden upper portion of the side jamb and by covering the lower end of the wooden upper portion of the side jamb with plastic, a weather-resistant material, so as to prevent its contacting water. Thus, it is clear that the sill key is equivalent to the lower portion of Claim 2 of the '209 patent as the sill key performs substantially the same function (to elevate the wooden upper portion and to cover the end of the wooden upper portion) in substantially the same way (by having a height and by covering the end of the wooden upper portion) to obtain substantially the same result (rot resistance for the side jamb) as the lower portion of Claim 1 of the '209 patent.

        **2.**       **The Connection Between the Sill Key and the Wooden Upper Portion is Equivalent to the Connection Between the Upper and Lower Portions which Integrally Forms the Side Jamb of Claim 1 of the '209 Patent**

The connection between the sill key and the wooden upper portion of Trinity's door system performs substantially the same function in substantially the same way to obtain substantially the same result as the "integrally formed" limitation of Claim 2 of the '209 patent so as to be an equivalent thereof. The side jambs of Claim 2 of the '209 patent have "upper and lower portions that are integrally formed". This Court has construed 'integrally formed' to mean

> permanently connected together so as to make up a single complete piece or unit, so as to be incapable of being dismantled without destroying the integrity of the piece or unit and/or one or both of the constituent portions

Minute Order (Dkt. No. 75) at 1. The sill key, a component of Trinity's door system, is connected to the wooden upper portion of the side jamb using two screws and a mortise-and-

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 12

tenon joint. Two tenons project vertically upward from the top surface of the sill key and are adapted to be received by mortises (slots) on the lower end of the wooden upper portion of the side jamb. Once the tenons are seated into the mortises, two screws are driven upwards from the underside of the sill key into the lower end of the wooden upper portion of the side jamb. Note the similarities between the mortise-and-tenon joint (left) and a finger joint (right).

 

The quality tests Trinity conducts on Trinity's door system further illustrates the permanence of the connection between the sill key and the wooden upper portion of the side jamb. According to Trinity, the sill-key-wooden-upper-portion connection held through the slam test thereby establishing the permanence of the joint. The connection also held despite dropping the door system when simulating an accident in the field. Thus, the sill-key-wooden-upper-portion connection is permanent.

The connection between the sill key and the wooden upper portion of Trinity's door system is equivalent to the integrally formed limitation of Claim 1 of the '209 patent because the connection performs substantially the same function (to connect the wooden upper portion to a lower plastic portion so as to form a side jamb) in substantially the same way (by using a similar type of joint and connector or adhesive to make permanent) to obtain substantially the same

result (a permanent connection between two components such that the unit cannot be dismantled without destroying the integrity of the unit they form) as the integrally formed limitation of Claim 1 of the '209 patent.

As there are no material facts in dispute that Trinity makes and sells a door frame containing all of the elements or their equivalents of Claim 2 of the '209 patent, BMS is entitled to summary judgment of infringement.

### III.   CONCLUSION

For the foregoing reasons, Defendant asks this Court to deny Trinity's Motion for Summary Judgment of Non-Infringement and grant, this, BMS' own Motion for Summary Judgment of Infringement.

DATED this 19th day of August, 2005.

Respectfully requested:

Standley Law Group LLP
Attorneys for Defendant Burns, Morris & Stewart Limited Partnership

By   /s/F. Michael Speed, Jr./
Jeffrey S. Standley
F. Michael Speed, Jr.
Michael Stonebrook
495 Metro Place South, Suite 210
Dublin, Ohio 43017
(614) 792-5555
(614) 792-5536 FAX
Email: jstandley@standleyllp.com
Email: mspeed@standleyllp.com

Timothy Ashcraft
Williams Kastner & Gibbs
1301 A Street
Suite 200
Tacoma, WA 98401-1157
(253) 593-5620

(253) 593-5625
Email: tashcraft@wkg.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of DEFENDANT'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT OF INFRINGEMENT was served via U.S. Mail and filed with the CM/ECF filing this 19th day of August, 2005 upon the following:

Stuart R. Dunwoody
Charles S. Wright
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Tel: (206) 628-7649
Fax: (206) 903-3849
E-mail:  stuartdunwoody@dwt.com
E-mail:  charleswright@dwt.com

MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT BMS' CROSS
MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT
(C04-5330 RJB) - 15